MATTER OF SS. *LIONNE*

In FINE Proceedings

BAL–10/1.45-6

*Decided by Board April 18, 1958*

**Fine—No liability under section 231(d) for failure to furnish manifest where responsible parties had no knowledge of stowaway's presence on vessel.**

Fine liability under section 231(d) of the 1952 act is not incurred for failure to furnish manifest for alien stowaway whose presence aboard vessel had not been known to responsible parties until after stowaway's apprehension in the United States.

*Editor's Note: Matter of SS. Monte Monjuich,* 5 I. & N. Dec. 601, overruled, in part—with respect to liability for fine under section 231(d) of the 1952 act.

BASIS FOR FINE: Act of 1952—Section 231(d) (8 U.S.C. 1221) and Section 273(d) (8 U.S.C. 1323).

### BEFORE THE BOARD

**Discussion:** The appeals in these cases are directed to two administrative penalties totaling $1,010 which have been ordered imposed on the vessel's master and/or the Hinkins Steamship Company, its agents. $1,000 of the penalty has been ordered imposed for failure to detain the alien stowaway, A——C——M——, aboard the vessel until he had been inspected by an immigration officer; and $10 of the penalty has been ordered imposed for failure to deliver a manifest as to him. The appeal will be dismissed as to the former penalty and sustained as to the latter.

The facts of this case have been succinctly set forth in the opinion of the District Director at Baltimore, Maryland, and need not be repeated here in their entirety. Briefly, the stowaway was apprehended by local police officers and turned over to Service officials; he testified that he boarded this vessel at Vera Cruz, Mexico, as a longshoreman engaged in loading the vessel and remained aboard; that he hid in the number 3 cargo hold during the voyage to Baltimore and subsisted by eating pineapples from the cargo in the hold, and left his place of concealment three times late at night to get water from a faucet on the main deck; and his testimony was verified in its substantial portions by an investigation conducted aboard the vessel by Service officers at New York. The

19

evidence of record clearly overrides the master's claims that the alien could not possibly have stowed away aboard his vessel.

We are satisfied from the evidence of record that the responsible parties did not know of the stowaway's presence aboard the vessel until after he had been apprehended ashore, but knowledge is not an element essential to liability to fine under section 273(d) of the Immigration and Nationality Act. This Board has consistently held that a transportation company is liable for fine under this section of law for failure to detain on board alien stowaways until they have been inspected by immigration officers, and that such fine liability exists even though the line had no knowledge of the stowaway being aboard the ship until the discovery of the stowaway in the United States. We so hold here. Also, there is no provision for mitigation of the penalty under this section of the law. Therefore, the $1,000 portion of the penalty ordered imposed here must be permitted to stand.

However, it is our considered opinion that liability to fine under section 231(d) of the Immigration and Nationality Act for failure to deliver to immigration officers at the port of arrival a manifest containing the stowaway's name presupposes knowledge of the stowaway's presence aboard the vessel. We so hold and, therefore, it follows that the $10 portion of the penalty has been improperly imposed in this instance. Therefore, that portion of the fine will be remitted.

**Order:** It is ordered that the appeal be sustained as to the penalty ordered imposed under section 231(d) of the Immigration and Nationality Act and that said $10 fine be remitted, and that the appeal be dismissed as to the penalty ordered imposed under section 273(d) of the Immigration and Nationality Act. The penalty permitted to stand in this case will be $1,000.